IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-00604-F

| ERICA LAUREN CARTER BENTLEY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **& RECOMMENDATION** |
| | ) | |
| | ) | |
| NORTH CAROLINA DEPARTMENT | ) | |
| OF HEALTH AND HUMAN | ) | |
| SERVICES VITAL RECORDS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This cause comes before the Court upon Plaintiff's *pro se* application to proceed *in forma pauperis* and for frivolity review. [DE-1]. Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. However, the Court must also conduct a review pursuant to 28 U.S.C. § 1915(e)(2), which requires the Court to dismiss all or any part of an action that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks money damages from a defendant immune from such recovery. See Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). In making the frivolity determination, *pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. White v. White, 886 F.2d 721, 724 (4th Cir. 1989). After careful review of Plaintiff's complaint and giving due consideration to Plaintiff's *pro se* status, the undersigned concludes that the complaint should be

dismissed for the reasons stated below.

I.  **STATEMENT OF THE FACTS**

Plaintiff alleges she is "the victim of false arrest, wrongful imprisonment and malicious prosecution." (DE-1-2, p.3). Specifically, Plaintiff asserts that in September 2008, Charlotte-Mecklenburg police officer A. Smereka stopped her for a minor traffic infraction. Following the stop, Officer Smereka learned there was an outstanding warrant for Plaintiff's arrest. The arrest warrant was issued upon a complaint by defendant North Carolina Department of Health and Human Services, Vital Records division ("NCDHHS") charging Plaintiff with misdemeanor simple worthless check. (DE-1-3). Plaintiff informed Officer Smereka that she had paid the check. A copy of a check written to and received by NCDHHS for the sum of twenty dollars is attached to Plaintiff's complaint. (DE-1-2). Officer Smereka nevertheless arrested Plaintiff and detained her in a jail cell pending payment of a $350 bond. The charges against Plaintiff were dismissed in court on October 24, 2008.

Plaintiff filed her motion for leave to proceed *in forma pauperis* on October 26, 2011. (DE-1). In her complaint, Plaintiff asserts claims for intentional infliction of emotional distress, assault and battery, false arrest, wrongful imprisonment, malicious prosecution, and "outrageous conduct" against Officer Smereka, the Charlotte-Mecklenburg Police Department, NCDHHS, its director Linda Brinkley, and NCHHS employee Scoggins, whose name appears as the complainant on the arrest warrant.

II. **DISCUSSION**

Plaintiff seeks redress pursuant to 42 U.S.C. § 1983, which provides a private right of action where a person acting under the color of state law deprives an individual of a federally protected right. 42 U.S.C. § 1983. However, as a state agency, NCDHHS is not a "person" for purposes of section 1983 and therefore not subject to suit thereunder.

*See, e.g.*, Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989) (ruling that a state is not a "person" within the meaning of § 1983); Clark v. Md. Dep't of Pub. Safety & Corr. Servs., 316 Fed. Appx. 279, 282 (4th Cir. 2009) (observing that state departments and agencies are not "persons" subject to suit under § 1983). Plaintiff's claims against NCDHHS are therefore subject to dismissal.

As to the remaining defendants, it appears that Plaintiff's section 1983 claims are time-barred. The United States Supreme Court has held that the state statute of limitations for personal injury claims applies to all section 1983 claims. *See* Wallace v. Kato, 549 U.S. 384, 387 (2007); Wilson v. Garcia, 471 U.S. 261, 275-76 (1985). The statute of limitations for personal injury actions in North Carolina is three years. N.C. Gen. Stat. § 1-52(5). An action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995) (en banc); *see also* Smith v. McCarthy, 349 Fed. App'x 851, 857 (4th Cir. 2009) (unpublished). Specifically, a claim for false arrest or false imprisonment accrues when the wrongful arrest and detention occur. Wallace, 549 U.S. at 388; Smith, 349 Fed. App'x at 857. Plaintiff alleges the wrongful arrest occurred in September of 2008. Plaintiff did not file her complaint, however, until October 26, 2011, more than three years after her action accrued. Plaintiff's claims of false arrest and wrongful imprisonment are therefore precluded by North Carolina's three-year statute of limitations.

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . .

Jones v. Bock, 549 U.S. 199 (2007). Because Plaintiff's claims of false arrest and wrongful imprisonment are time-barred, they should be dismissed as frivolous.

Plaintiff's remaining claims are likewise untimely. The claim of assault and battery arises from the September 2008 arrest and is therefore time-barred. Similarly, Plaintiff's claim for malicious prosecution[1] accrued when she obtained a favorable termination of the underlying criminal proceeding on October 24, 2008. *See* Lambert v. Williams, 223 F.3d 257, 262 n.3 (4th Cir. 2000). To the extent Plaintiff attempts to allege state law claims related to her September 2008 arrest, the undersigned finds no reason to exercise jurisdiction over such claims after having determined that the related federal claims should be dismissed as frivolous. Plaintiff resides in Mecklenburg County, North Carolina and, accordingly, there is no diversity of citizenship among the parties to support an independent basis of jurisdiction in this Court. 28 U.S.C. § 1332(a).

### III. CONCLUSION

For the aforementioned reasons, the undersigned RECOMMENDS that Plaintiff's motion to proceed *in forma pauperis* be GRANTED, but that her complaint be dismissed for failure to state a claim.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 2nd day of November, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE

---

[1] The Fourth Circuit has stated that "there is no such thing as a '§ 1983 malicious prosecution' claim." Lambert v. Williams, 223 F.3d 257, 262 (4th Cir. 2000). Rather, what is conventionally referred to as a § 1983 malicious prosecution action is "simply a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution." *Id.*