UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-604-F

| | |
|---|---|
| ERICA LAUREN CARTER BENTLEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NORTH CAROLINA DEPARTMENT OF )<br>HEALTH AND HUMAN SERVICES VITAL )<br>RECORDS, et al., )<br>)<br>Defendants. ) | **ORDER** |

This matter is before the court for consideration of the Memorandum and Recommendation ("M&R") [DE-2] filed by United States Magistrate Judge William A. Webb regarding *pro se* Plaintiff's application to proceed *in forma pauperis* and for frivolity review pursuant to 28 U.S.C. § 1915. Therein, Judge Webb recommends that Plaintiff's request to proceed *in forma pauperis* be allowed, but that Plaintiff's complaint be dismissed for failure to state a claim. Plaintiff timely filed an Objection [DE-4] on November 14, 2011. This matter is now ripe for ruling.

## I. ANALYSIS

A district court may "designate a magistrate judge to submit . . . proposed findings of fact and recommendations for the disposition" of a variety of motions. 28 U.S.C. § 636(b)(1)(B). The court then must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

In the M&R [DE-2], Judge Webb recommends that Plaintiff's motion to proceed *in forma pauperis* be allowed, but that her complaint be dismissed for failure to state a claim. Specifically, Judge Webb finds that the North Carolina Department of Health and Human Services, Vital Records division ("NCDHHS"), as a state agency, is not a "person" for purposes of a claim brought under 42 U.S.C. § 1983 and therefore not subject to suit thereunder. *See* [DE-2], M&R, p. 2-3. As to the remaining Defendants, Judge Webb finds that the state statute of limitations, which in North Carolina is three (3) years for personal injury claims, bars Plaintiff's § 1983 claims. *See* [DE-2], M&R, p. 3. Therefore, Judge Webb recommends dismissal of Plaintiff's false arrest, wrongful imprisonment, assault and battery, and malicious prosecution claims. *See* [DE-2], M&R, p. 3-4.

In Plaintiff's timely-filed Objection [DE-4], she claims that the complaint was sent by certified mail on October 14, 2011, and was received by the Clerk of Court on October 17, 2011, as opposed to the October 26, 2011, filing date reflected on the record for this case. Furthermore, Plaintiff argues that the underlying criminal charge against her were dismissed on October 24, 2008 and therefore, the malicious prosecution claim is not time-barred by the state statute of limitations.

After an independent review of the M&R and a *de novo* review of the record, the court ADOPTS IN PART and MODIFIES IN PART the M&R produced by Judge Webb. First, the court SUSTAINS Plaintiff's Objection [DE-4] that the record should reflect that the complaint was filed on October 17, 2011 and not on October 26, 2011. Upon review, it appears that Plaintiff's complaint was properly addressed to the Clerk of Court for the United State District Court for the Eastern District of North Carolina, but delivered in error to the North Carolina Department of Revenue on October 17, 2011. The complaint was redirected to the Clerk of Court on October 26, 2011. Upon consideration, and taking into account Plaintiff's *pro se* status, the complaint will be deemed filed

on October 17, 2011. However, Plaintiff's Objection [DE-4] does not affect Judge Webb's finding that NCDHHS is a state agency and therefore does not qualify as a "person" for purposes of a § 1983 claim. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (holding that neither a state nor its officials acting in their official capacities are "persons" under § 1983); *Clark v. Md. Dep't of Pub. Safety & Corr. Servs.*, 316 Fed. Appx. 279, 282 (4th Cir. 2009) (noting that state departments and agencies are "arm[s] of the state" and are not "persons" subject to suit under 42 U.S.C. § 1983). Therefore, Plaintiff's claims against NCDHHS are dismissed as frivolous and failure to state a claim.

Moreover, as to the remaining Defendants, Plaintiff's Objection [DE-4] does not alter Judge Webb's finding that the false arrest and wrongful imprisonment claims are time-barred by the state statute of limitations. In making this assessment, the court first notes that, in evaluating a complaint filed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the district court may consider a statute of limitations defense *sua sponte* when the face of the complaint plainly reveals the existence of such defense. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656-57 (4th Cir. 2006) (noting that suits filed *in forma pauperis* should be differentiated from ordinary civil suits and justifies an exception to the general rule that a statute of limitations defense should not be raised and considered *sua sponte*); *see also Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983) (affirmed district court's dismissal under § 1915 of actions which appeared on their face to be barred by the statute of limitations).

Here, having carefully reviewed the complaint, it appears clear that the state statute of limitations bars Plaintiff's false arrest and wrongful imprisonment claims. As noted by Judge Webb in the M&R, the state statute of limitations for personal injury claims applies to all § 1983 claims.

3

*See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (stating that § 1983 provides a federal cause of action, but law of the state determines the statute of limitations). The statute of limitations for personal injury actions in North Carolina is three (3) years. N.C. Gen. Stat. § 1-52(5). For the purposes of determining a date certain for when the statute of limitations runs, an action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Md. Hose of Correction*, 64 F.3d 951, 955 (4th Cir. 1995). Upon review of the complaint, it appears that the September 2008 arrest is the root of the false arrest and wrongful imprisonment claims. Even when Plaintiff's complaint is deemed to have been filed on October 17, 2011, these claims are barred by the three (3) year statute of limitations in North Carolina. Therefore, the court finds that dismissal of Plaintiff's false arrest and wrongful imprisonment claims is appropriate.

Furthermore, as to Plaintiff's malicious prosecution claim, this cause of action accrued when she obtained a favorable termination of the underlying criminal charge on October 24, 2008. Because the complaint is now deemed filed on October 17, 2011, based on Plaintiff's Objection, it appears that this claim is not time-barred by the statute of limitations. However, this claim stems from the September 2008 arrest in which Plaintiff was taken into custody as a result of an outstanding arrest warrant. Even construed liberally in light of Plaintiff's *pro se* status, the court, upon careful review, finds that the complaint contains no arguable factual basis from the September 2008 arrest to support such a claim.[1] In other words, the complaint "lacks an arguable basis...in

---

[1] The Fourth Circuit has stated that "§ 1983 does not empower a plaintiff to bring a claim for malicious prosecution...[w]hat is conventionally referred to as a '§ 1983 malicious prosecution' action is nothing more than a § 1983 claim arising from a Fourth Amendment violation" for unreasonable seizure which incorporates certain elements of the common law tort. *Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000); *see also Pinder v. Knorowski*, 660 F.Supp.2d 726, 735 (E.D. Va. 2009) (stating that a malicious prosecution claim must be founded upon an alleged Fourth Amendment violation).

fact" to survive frivolity review. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, Plaintiff's claim hereby is DISMISSED.

Lastly, as to the remaining claims of assault and battery, intentional infliction of emotional distress,[2] and outrageous conduct, the three (3) year statute of limitations would also bar these claims as these causes of action also arises from the September 2008 arrest. Consequently, dismissal of these claims is also appropriate.

## II. CONCLUSION

Based on the aforementioned rationale, the court ADOPTS IN PART AND MODIFIES IN PART Judge Webb's M&R [DE-2]:

1. The court ADOPTS Judge Webb's recommendation that Plaintiff's motion to proceed *in forma pauperis* be ALLOWED.

2. The court ADOPTS Judge Webb's finding that Plaintiff's claims of false arrest and wrongful imprisonment claims are time-barred by North Carolina's three (3) year statute of limitations for personal injury claims. Therefore, the court orders that these claims be DISMISSED as frivolous and for failure to state a claim.

3. The court MODIFIES Judge Webb's M&R as it pertains to Plaintiff's malicious prosecution claim, namely, finding that the claim in not time-barred by the state statute of limitations. However, the court finds that the claim lacks an arguable basis in fact and therefore is DISMISSED as frivolous and for failure to state a claim.

---

[2] The M&R does not specifically address Plaintiff's Intentional Infliction of Emotional Distress nor her claim of "outrageous conduct." Furthermore, it appears that there is no specific cause of action for "outrageous conduct." However, given that both claims seeks redress from the September 2008 arrest, it appears that the three (3) year statute of limitations would be applicable and would bar these claims as well.

5

4. The court ADOPTS Judge Webb's finding in the M&R that Plaintiff's assault and battery claims is barred by North Carolina's three (3) year statute of limitations for personal injury claims.

5. The court MODIFIES the M&R to conclude that Plaintiff's Intentional Infliction of Emotional Distress and "outrageous conduct" claims are also time-barred by the state statute of limitations. Accordingly, all of these claims are DISMISSED as frivolous and for failure to state a claim.

6. The court further ORDERS that the Clerk of Court seal the copy of Plaintiff's personal check attached to the complaint as it contains bank account and routing numbers.

The Clerk of Court is directed to CLOSE this case.

SO ORDERED.

This the 2nd day of December, 2011.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge